Kathryn J. Steffey (2562)
ksteffey@SHutah.law
Clayton H. Preece (15228)
cpreece@SHutah.law
**SMITH HARTVIGSEN, PLLC**
175 South Main Street, Suite 300
Salt Lake City, Utah 84111
Tel: (801) 413-1600
Fax: (801) 413-1620

Gregg R. Woodnick, #020736
Markus Risinger, #031524
**GREGG R. WOODNICK, PLLC**
1747 E. Morten Ave., #205
Phoenix, AZ 85020
Telephone: (602) 449-7980
Facsimile: (602) 396-5850
*Pro hac vice admission pending*

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DIVISION,  STATE OF UTAH

| | |
|---|---|
| **FREDERIC YEOMANS IV**, an Arizona resident; | |
| Plaintiff, | **COMPLAINT** <br> **(Jury Trial Demanded)** |
| v. | Case No. _____ |
| **DISCOVERY RANCH, INC.**, a Utah corporation (d.b.a. Discovery Ranch, Discovery Connections). | Judge _____ |
| Defendants. | |

Plaintiff Frederic Yeomans IV, ("**Eric**") by and through counsel, complains and alleges as follows:

## PARTIES

1.      Eric is a resident of Maricopa County, Arizona.

2.      Defendant Discovery Ranch, Inc. ("**Discovery Ranch**") is a Utah corporation operating a residential treatment facility named Discovery Ranch in Mapleton, Utah.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this case pursuant to 28 USC § 1332 as the amount in controversy is greater than $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant.

4.      This Court is the proper venue pursuant to 28 USC § 1391.

5.      On December 12, 2016, Eric, through counsel, filed a Notice of Intent to Commence Action under Utah Health Care Malpractice Act against Discovery Ranch, Inc.

6.      On January 11, 2017, Plaintiff filed a request for Prelitigation Screening Panel with the Division of Occupational and Professional Licensing Department of Commerce ("DOPL").

7.      On Thursday April 13, 2017, DOPL held a Prelitigation Hearing.

8.      On April 17, 2017, the DOPL panel issued its opinion, finding that the matter was non-meritorious.

9.      On June 16, 2017, Eric caused an Affidavit of Merit to be filed with DOPL.

10.     On June 23, 2017, Eric caused an Amended Affidavit of Merit to be filed with DOPL.

## BACKGROUND

11.     In January and February 2014, Eric was brutally and repeatedly sexually assaulted while at Discovery Ranch.  Discovery Ranch's wholesale failure to supervise and protect Eric according to its contractual, statutory, and *in loco parentis* duties resulted in his suffering substantial trauma and injuries.

**Eric's Enrollment at Discovery Ranch**

12.     On or about May 1, 2013, Frederic H. Yeomans III and Lucille Yeomans ("**Rick**" and "**Lucie**"), Eric's parents, began to explore alternative education options for Eric.

13.     Rick and Lucie first enrolled Eric at Second Nature Wilderness Program on October 10, 2013.

14.     While Eric attended Second Nature Wilderness Program, Rick and Lucie continued researching long-term options and discovered Discovery Ranch in Mapleton, Utah.

15.     Discovery Ranch is a teen residential treatment and education center for boys ages 13-18, operated by Defendant Discovery Ranch.

16.     Discovery Ranch expressly promised to provide adequate supervision and care to ensure Eric's safety.

17.     On or about December 11, 2013, Eric was enrolled with, and transported to, Discovery Ranch at 1308 South 1600 West, Mapleton, UT 84664.

18.     Eric was housed in the "Boys House" with over a dozen other students.

19.     Eric was placed under the care of Lexi Diedrich.

20.     Lexi Diedrich is a clinical mental health counselor licensed with the State of Utah.

21.     Defendant Discovery Ranch employs several mental health counselors at its campus in Mapleton, Utah.

22.     As part of the Discovery Ranch program, all students at Discovery Ranch meet with a counselor on a regular basis.

23.     After Eric's enrollment, he reported a number of issues to Discovery Ranch staff.

24.     Eric's reports were either ignored or resulted in his punishment.

25.     Discovery Ranch uses a merit system, whereby students may receive punishment for actions.

26.     Prior to Eric's enrolment at Discovery Ranch, Discovery Ranch admitted L.S. as a student at Discovery Ranch.

27.     Upon information and belief, L.S. had been enrolled in treatment programs prior to his enrollment at Discovery Ranch.

28.     Upon information and belief, Discovery Ranch did not contact the facilities where L.S. had received treatment to verify any information provided to Discovery Ranch by L.S. or his guardians.

29.     Upon information and belief, Discovery Ranch failed to conduct any psychological examinations of L.S. prior to his admission to Discovery Ranch.

30.     Upon information and belief, Discovery Ranch failed to conduct any psychological examinations of L.S. immediately following his admission to Discovery Ranch.

31.     Upon information and belief, Discovery Ranch did not inspect L.S.'s medical records prior to his admission to Discovery Ranch.

**Eric is Sexually Abused**

32.     On or about January 1, 2014, Eric was moved out of the Boys House and into another dormitory (the "**Dorm**").

33.     Eric lived in the Dorm with three other boys, including L.S.

34.     After being moved into the Dorm, L.S. began a systematic pattern of grooming Eric and another minor, 'S', for sexual victimization.

35.     L.S. used threats of violence, coercion, guilt, and the merit/discipline system of Discovery Ranch to manipulate Eric to avoid reporting increasingly deviant sexual behaviors, including, but not limited to, discussions about sex, pornography, masturbation, and eventually sexual violence.

36.     While under the care, control, and supervision of Discovery Ranch, Eric was violently and repeatedly physically and sexually assaulted by L.S.

37.     L.S. credibly threatened violence, death, and public humiliation to prevent Eric from reporting the assaults to Discovery Ranch staff.

38.     Eric credibly believed L.S.'s threats because of numerous occasions in which he reported other issues to Discovery Ranch staff and was ignored or punished.

39.     Discovery Ranch's merit system also prevented Eric from reporting the assaults because he believed that his inferior status and past interactions with Discovery Ranch staff and administrators would result in him being punished if he attempted to disclose the assaults.

40.     L.S.'s assaults of Eric went undiscovered and unchecked throughout the months of January and February.

41.   L.S.'s abuse of Eric was only revealed when L.S. was transferred from Discovery Ranch after being discovered engaging in bestiality with a horse.

42.   Upon information and belief, Discovery Ranch conducted at certain intervals bed checks.  However, Discovery Ranch did not have systems or protocols in place to detect if students were out of their beds at night.

43.   Discovery Ranch also did not have video surveillance, motion detection, or adequate lighting in or near the sleeping areas to be able to detect if students were out of their beds.

44.   Upon information and belief, Discovery Ranch's staff suspected that patients were engaged in some kind of signaling or other behavior engaged in by the patients to circumvent the monitoring.

45.   Discovery Ranch, despite suspecting that certain patients were engaged in signaling or other behavior aimed at circumventing night time monitoring, did not separate the patients.

**COUNT I –NEGLIGENCE**

46.   Plaintiff incorporates the foregoing allegations as if set forth in this paragraph.

47.   Discovery Ranch stood *in loco parentis* to Eric, a minor child, while he was enrolled in the residential treatment program.

48.   Discovery Ranch had a common law duty to protect Eric from foreseeable harm.

49.   Additionally, Discovery Ranch agreed by contract to supervise and protect Eric from foreseeable harm.

50.   Discovery Ranch breached its duty to Eric by failing to protect him from L.S.

-6-

51.     Discovery Ranch failed to adequately screen L.S. for psychosexually deviant and violent tendencies before admitting him to Discovery Ranch and placing him in the Dorm with Eric.

52.     Discovery Ranch failed to provide safe housing and to adequately supervise Eric while he was on Discovery Ranch's property and under Discovery Ranch's care.

53.     Discovery Ranch failed to adequately train its employees to identify foreseeable risks and to timely intervene to protect Eric from foreseeable harm.

54.     Discovery Ranch failed to equip and maintain its facility sufficiently to protect Eric from foreseeable harm.

55.     Discovery Ranch utilized a disciplinary system that discouraged Eric and other students from reporting hazards and dangerous conduct of other minors at the facility, contributing to the length and severity of the harm Eric suffered.

56.     Discovery Ranch utilized counseling and educational practices that discouraged healthy dialogue about personal, medical, and mental health issues.

57.     Discovery Ranch's programming contributed to or enabled the hostile and dangerous environment in which L.S. abused Eric.

58.     Discovery Ranch either knew, or reasonably should have known, that failure to supervise activities taking place in the Dorm created an unreasonable risk of harm and a high probability that harm would result.

59.     Discovery Ranch's actions and inaction, as described herein, were willful and malicious.

60.     Discovery Ranch's actions and inaction, as described herein, manifested a knowing and reckless indifference toward, and disregard of, Eric's rights.

61.     Discovery Ranch's breach of its duties to Eric caused him substantial harm.

62.     Eric suffered harm as a result of Discovery Ranch's breach of its duties to him, including intense physical pain, sexual assault, apprehension of bodily injury or death, psychological trauma, humiliation, loss of time, inconvenience, and other damages.

WHEREFORE, Eric seeks relief as hereinafter set forth.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63.     Plaintiff incorporates the foregoing allegations as if set forth in this paragraph.

64.     Discovery Ranch knew or should have realized that its conduct involved an unreasonable risk of causing emotional distress to Eric.

65.     Discovery Ranch's negligence created an unreasonable risk of bodily harm to Eric; namely, that he was assaulted while in the Dorm.

66.     Discovery Ranch's negligence proximately caused Eric to suffer tremendous emotional distress.

67.     Eric's emotional distress resulted in substantial injury and illness requiring ongoing professional treatment.

## COUNT III – MEDICAL NEGLIGENCE

68.     Plaintiffs incorporate the foregoing allegations as if set forth in this paragraph.

69.     Discovery Ranch had a duty to Eric to thoroughly pre-screen applicants for admission to Discovery Ranch. This duty to pre-screen applicants included without limitations,

collecting information from the applicant, contacting prior treatment facilities or programs, psychological screening and verifying the applicant's records.

70.     Discovery Ranch had a duty to Eric to supervise him at all times following his admission, including without limitations regular nighttime monitoring, video surveillance, and motion detection to identify and monitor the movement of patients boarding in his room.

71.     By its actions described herein, Discovery Ranch breached the standards of care for patient screening and post admission supervision.

72.     As a direct and proximate result of Discovery Ranch's breach of the applicable standards of care, Eric has suffered damages in an amount to be determined at trial.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all claims alleged herein allowable by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following relief:

A.     Judgment favoring Plaintiff and against Defendants for general damages for physical and psychological injuries, including pain and suffering, as are reasonable under the circumstances, but in no event less than $75,000.

B.     Judgments favoring Plaintiff and against Defendant for punitive and treble damages pursuant to applicable law in an amount to be proven at trial.

C.     Order that Defendant pay Plaintiff's reasonable costs and attorney fees resulting from this action, including interest.

D.     Such other relief that the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 11th day of July, 2017.

SMITH HARTVIGSEN, PLLC


*/s/ Kathryn J. Steffey*
Kathryn J. Steffey
Attorney for Plaintiff

**Plaintiff's Address**
c/o Kathryn J. Steffey or Clayton H. Preece
**SMITH HARTVIGSEN, PLLC**
175 South Main Street, Suite 300
Salt Lake City, Utah 84111